■ ESTATE OF DAVID L. WILCOX, Deceased, by LESLIE W. HUGHES, as Administratrix, Respondent, v DRY CLIME LAMP CORPORATION, Appellant.—Order unanimously affirmed with costs. Memorandum: David Wilcox, a salesman employed by defendant Dry Clime Lamp Corporation (Dry Clime), sold an industrial oven to Torrid Oven (Torrid). Dry Clime issued an invoice to Torrid in the amount of $64,317.72 covering that sale. After the oven was delivered, Torrid complained that it failed to perform as specified. Torrid paid Dry Clime $32,000 on account, but refused to pay the balance. Dry Clime accepted the $32,000 payment from Torrid and admits that it does not expect to receive any more funds from Torrid on that account. Dry Clime further admits that it did not send the

Torrid account to any outside agency or attorney for collection.

In our view, Dry Clime's acceptance of the check for an amount less than the full invoice amount in settlement of the disputed claim with Torrid operated as an accord and satisfaction *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, 596, *rearg denied* 64 NY2d 885) which effectively revised the invoice amount to reflect the agreed upon settlement figure of $32,000. Under the clear and unambiguous terms of the manufacturer's representative agreement, Wilcox was entitled to a commission based upon that invoice amount. Since the matter was not referred to an outside collection agency or attorney, the exceptions set forth in paragraph 6A of the agreement do not apply. In addition, none of the exceptions set forth in paragraph 7 applies in the circumstances of this case. Thus, the court properly granted plaintiff's motion for summary judgment for $6,508.32, based upon the amount that Dry Clime actually received for the sale. (Appeal from Order of Supreme Court, Erie County, Joslin, J. —Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.